UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMAN A. SANDERS                                            CIVIL ACTION

VERSUS                                                       NO. 02-971

N. BURL CAIN, WARDEN                                         SECTION: "P"(1)

REPORT AND RECOMMENDATION

In 2002, petitioner, Norman A. Sanders, a Louisiana state prisoner, instituted this action by filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.[1] In this action, he challenged his 1990 convictions for first degree murder,[2] claiming:

1. Petitioner's rights under the Double Jeopardy Clause were violated;

2. The trial court lacked personal jurisdiction;

3. The prosecution failed to disclose exculpatory evidence to the defense as required by Brady v. Maryland, 373 U.S. 83, and its progeny;

4. The prosecution presented perjured testimony;

5. The jury instructions were erroneous;

6. The trial judge failed to correct an erroneous legal statement made by defense counsel during voir dire;

7. Petitioner received ineffective assistance of counsel; and

8. Petitioner's indictment was invalid due to systematic racial discrimination in the selection of grand jury forepersons, citing Campbell v. Louisiana, 523 U.S. 392 (1998).[3]

---

[1] Rec. Doc. 1.
[2] See State v. Sanders, 648 So. 2d 1272 (La. 1994), cert. denied, 517 U.S. 1246 (1996).
[3] See Rec. Doc. 8, p. 2. In Campbell, the United States Supreme Court held that a white criminal defendant had standing to assert equal-protection and due-process challenges to discrimination against African-Americans in the selection of grand jurors. Although Campbell had not been issued at the time of petitioner's indictment and trial, the

On December 6, 2002, former United States Magistrate Judge Sally Shushan issued a Report and Recommendation in the case. In her report, Magistrate Judge Shushan recommended that Claims 1-7 be denied on the merits and that Claim 8 be rejected as procedurally barred.[4]

On August 8, 2003, former United States District Judge Stanwood R. Duval, Jr., issued an Order and Reasons in which he adopted the foregoing Report and Recommendation and denied petitioner's habeas corpus application with prejudice.[5]

On February 3, 2004, the United States Fifth Circuit Court of Appeals denied petitioner a certificate of appealability.[6]

In 2006, petitioner filed with the United States Fifth Circuit Court of Appeals a motion for authorization to file a successive § 2254 application. See 28 U.S.C. § 2244(b). He argued that he should be allowed to file a successive application asserting (1) a claim based on Crawford v. Washington, 541 U.S. 36 (2004) and (2) another Brady claim based on "newly discovered evidence." The Court of Appeals denied authorization to file the successive application.[7]

In 2023, petitioner then filed the instant motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.[8] On January 16, 2024, the motion was referred to the undersigned United States Magistrate Judge for the issuance of a Report and Recommendation.[9] For the following reasons, it is hereby recommended that the motion be **DENIED**.

---

United States Fifth Circuit Court of Appeals has held that Campbell did not announce a new rule of constitutional criminal procedure because its result was dictated by Supreme Court precedent. Peterson v. Cain, 302 F.3d 508, 515 (5th Cir. 2002). Petitioner's eighth claim was clearly an attempt to allege a Campbell-like violation.

[4] Rec. Doc. 13; Sanders v. Cain, Civ. Action No. 02-0971, 2002 WL 32191037 (E.D. La. Dec. 6, 2002).
[5] Rec. Doc. 15; Sanders v. Cain, Civ. Action No. 02-0971, 2003 WL 21920894 (E.D. La. Aug. 8, 2003).
[6] Rec. Doc. 23; Sanders v. Cain, No. 03-30844 (5th Cir. Feb. 3, 2004).
[7] In re Sanders, No. 06-30823 (5th Cir. Oct. 5, 2006).
[8] Rec. Doc. 24.
[9] Rec. Doc. 29.

Because this is a habeas corpus proceeding, the Court must first determine whether petitioner's Rule 60(b) motion is in actuality the functional equivalent of an unauthorized second or successive habeas corpus petition. The United States Fifth Circuit Court of Appeals has explained:

> In Gonzalez v. Crosby, [545 U.S. 524 (2005),] the Supreme Court addressed the interplay between Rule 60(b) and the statutory provisions applicable to § 2254 proceedings. As explained by the Court, Rule 60(b) motions are subject to additional restrictions that apply to second or successive § 2254 petitions under the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(b). Specifically, § 2244(b) imposes three requirements on second or successive § 2254 petitions. First, under § 2244(b)(1), "any claim that has already been adjudicated in a previous petition must be dismissed." Second, under § 2244(b)(2), "any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Third, under § 2244(b)(3), "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."
>
> To ensure that habeas petitioners do not circumvent these statutory requirements by filing Rule 60(b) motions that are the functional equivalent of unauthorized successive § 2254 petitions, the Supreme Court set forth several guidelines in Gonzalez for determining the circumstances under which a district court may properly consider a Rule 60(b) motion in a § 2254 habeas proceeding. The Court instructed that when a Rule 60(b) motion "seeks to add a new ground for relief," it is equivalent to a successive § 2254 petition. A Rule 60(b) motion also amounts to a successive § 2254 petition "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." The Court explained that what it meant by "on the merits" was "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."
>
> The Court additionally instructed that, in contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the district court may properly consider the motion as a Rule 60(b) motion. The Court specified that "[f]raud on the federal habeas court [was] one example of such a defect." Additionally, "when [the movant] merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial of such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," then the district court may properly consider the Rule 60(b) motion.

3

> Distilling the guidelines set forth in Gonzalez, we conclude that there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a "defect in the integrity of the federal habeas proceeding," or (2) the motion attacks a procedural ruling which precluded a merits determination. If the purported Rule 60(b) motion satisfies one of these circumstances, the district court may then properly consider the motion under Rule 60(b) and determine whether it has merit under the specific subsection of Rule 60(b) invoked by the movant.

Gilkers v. Vannoy, 904 F.3d 336, 342-44 (5th Cir. 2018) (footnotes omitted).

Here, respondent argues that the instant Rule 60(b) motion is the functional equivalent of an unauthorized second or successive petition because petitioner is improperly attempting to assert a new claim, namely, a Campbell claim.[10] However, as already noted *supra*, that is not a new claim; on the contrary, it was included as petitioner's eighth claim in his federal petition. Further, Judge Duval did not deny that claim on the merits; rather, he simply held that it had been procedurally defaulted.[11] Therefore, this Court may properly consider petitioner's Rule 60(b) motion. However, as explained below, the motion should be denied.

The specific subsection of Rule 60(b) invoked by petitioner is subsection (4). That subsection provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … (4) **the judgment is void** …." Fed. R. Civ. P. 60(b)(4) (emphasis added). "A judgment may be set aside

---

[10] Rec. Doc. 27, pp. 3-4.

[11] The United States Fifth Circuit Court of Appeals has explained:

> The procedural default doctrine, resting on our confinement to review of federal questions, precludes federal habeas review when the last reasoned state court opinion addressing a claim explicitly rejects it on a state procedural ground. See Ylst v. Nunnemaker, 501 U.S. 797, 801, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). See also Brian R. Means, Federal Habeas Manual § 9B:1 (2023).

pursuant to Rule 60(b)(4) if the **district court lacked subject matter** or personal **jurisdiction**, or if **it acted inconsistent with due process**." Jackson v. Thaler, 348 F. App'x 29, 32 (5th Cir. 2009) (emphasis added).

In his motion, petitioner advances two arguments, although both are poorly stated. The gist of his first argument appears to be that (1) his underlying state indictment was defective due to the alleged Campbell violation[12] and (2) that purported defect in the state indictment somehow **deprived this Court of subject matter jurisdiction** in this federal habeas corpus proceeding. The gist of his second argument appears to be that (1) the state courts violated petitioner's right to due process by procedurally barring his Campbell claim in the state post-conviction proceedings and (2) this Court then **acted inconsistent with due process** by accepting the state court's procedural ruling and holding the claim was likewise barred in federal court.

The respondent filed a response opposing the motion.[13] In that response, the respondent opines that there was no jurisdictional defect here, noting that "it was petitioner himself who specifically invoked the jurisdiction of this Court when he filed his initial petition under 28 U.S.C. § 2254," and, in any event, Judge Duval clearly had subject matter jurisdiction in this case pursuant to 28 U.S.C. §§ 2241 and 2254.[14] The respondent does not expressly address petitioner's separate due process argument.

Petitioner filed a reply to the state's response.[15] In that reply, he concedes that this federal court originally had jurisdiction, but he argues that jurisdiction was somehow lost because Judge Duval acted in a manner inconsistent with due process.[16]

---

[12] See *supra* note 3.
[13] Rec. Doc. 27.
[14] Id. at pp. 2-3.
[15] Rec. Doc. 28.
[16] Id. at p. 1.

5

The jurisdictional argument is patently meritless. Petitioner was convicted in Terrebonne Parish, Louisiana. That parish lies within the jurisdictional boundaries of the Eastern District of Louisiana. See 28 U.S.C. § 98(a). Therefore, as a district judge sitting in the Eastern District, Judge Duval clearly had subject matter jurisdiction to entertain the habeas corpus petition. See 28 U.S.C. §§ 2241 and 2254; see also Jackson v. Thaler, 348 F. App'x 29, 33 (5th Cir. 2009).

The argument that Judge Duval acted inconsistent with due process by holding that petitioner's Campbell claim was procedurally barred fares no better. That due process argument is founded on petitioner's allegation that he "never had the opportunity to be heard with counsel or a true original record."[17]

As to the fact that petitioner did not have counsel in this federal proceeding, it must be noted that there is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Wardlaw v. Cain, 541 F.3d 275, 279 (5th Cir. 2008). That said, it is true that a habeas petitioner should nevertheless be appointed counsel when "the interests of justice so require." Wardlaw, 541 F.3d at 279; Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985); see also 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, petitioner has never established that the interests of justice required appointment of counsel.

As to petitioner's allegation concerning the state court record reviewed by Judge Duval, the state was ordered to provide this Court with "a certified copy of the entire state court record."[18] Magistrate Judge Shushan's Report and Recommendation reflects that an eleven-volume state court record was in fact produced. Petitioner has not established that the record produced was unauthentic or incomplete.

---

[17] Rec. Doc. 28, p. 2.
[18] Rec Doc. 3, p. 2.

For these reasons, petitioner has failed to meet his burden to establish that he is entitled to relief on the ground that Judge Duval's judgment was void because of a lack of subject matter jurisdiction or because Judge Duval acted inconsistent with due process.

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's Rule 60(b)(4) motion, Rec. Doc. 24, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   23rd    day of January, 2024.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**