## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORMAN A. SANDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 02-971** |
| **N. BURL CAIN, WARDEN** | **SECTION: "P" (1)** |

## ORDER AND REASONS

Before the Court are Petitioner Norman Sanders' Rule 60(b)(4) Motion,[1] the Report and Recommendation of the United States Magistrate Judge recommending the denial of Petitioner's motion,[2] and Petitioner's Objections to the Report and Recommendation.[3] For the reasons discussed below, the Court overrules the Petitioner's Objections and adopts the Report and Recommendation in its entirety as the Court's opinion in this matter. Petitioner's Rule 60(b)(4) Motion is therefore denied.

## I.      BACKGROUND

The detailed facts underlying this case are provided in the December 6, 2002 Report and Recommendation[4] issued by former United States Magistrate Judge Sally Shushan. And the more-recent Report and Recommendation,[5] issued by the current Magistrate Judge on January 23, 2024, accurately summarizes the factual and procedural history of this case. Thus, the Court need not repeat it here. Rather, the Court will briefly summarize the

---

[1] R. Doc. 24.
[2] R. Doc. 30.
[3] R. Doc. 31.
[4] R. Doc. 13. The Report and Recommendation was adopted by the Court on August 8, 2003. R. Doc. 15.
[5] R. Doc. 30.

procedural history of this action only to the extent necessary for the resolution of the instant motion and Petitioner's objections.

In 2002, Petitioner instituted this action by filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his two convictions for first degree murder in Louisiana state court in 1990. The Court dismissed Petitioner's habeas corpus petition with prejudice on August 8, 2003.[6] Twenty years later, on August 23, 2023, Petitioner filed the instant Rule 60(b)(4) motion, seeking relief from the Court's August 8, 2003 Judgment on the basis that the judgment is void because the Court (1) lacked subject matter jurisdiction and (2) acted in a manner inconsistent with due process of law.[7] Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned referred Petitioner's motion to the Magistrate Judge.[8] The Magistrate Judge issued a Report and Recommendation on January 23, 2024, recommending that Petitioner's Rule 60(b)(4) Motion be denied.[9] Petitioner timely filed objections to the Magistrate Judge's recommendation.[10]

## II.   LAW AND ANALYSIS

The Magistrate Judge recommended that Petitioner's motion be denied because Petitioner failed to establish that the Court lacked subject matter jurisdiction or that the Court acted inconsistent with due process of law.[11] Petitioner objects to the Magistrate Judge's recommendation in full, arguing that the Magistrate "erred in failing to address

---

[6] R. Doc. 15 (Order and Reasons); R. Doc 16 (Judgment). These documents were signed by the Court on August 7, 2003, and entered into the record on August 8, 2003.
[7] R. Doc. 24.
[8] R. Doc. 29.
[9] R. Doc. 30.
[10] R. Doc. 31.
[11] R. Doc. 30.

[Petitioner's] unconstitutional statute claim."[12] In support of this objection, Petitioner essentially restates the arguments previously asserted in his Rule 60(b)(4) Motion.

The Court must conduct a de novo review of any of the Magistrate Judge's factual findings or legal conclusions to which a party has specifically objected.[13] The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."[14] At the outset, the Court notes that although it has conducted a de novo review of the record before making its determination in this matter, Petitioner's objection and his "unconstitutional statute claim" underlying the objection are frivolous, as they lack any arguable basis in law.

Pursuant to Federal Rule of Civil Procedure 60(b)(4), Petitioner moves this Court to relieve him from the August 8, 2003 Judgment dismissing his habeas corpus petition with prejudice. Petitioner asserts the judgment is void for lack of subject matter jurisdiction and because the Court acted in a manner inconsistent with due process of law. Indeed, under Rule 60(b)(4), the Court may relieve a party from a final judgment if the judgment is void.[15] And a judgment issued by the district court is void "if the district court lacked subject matter or personal jurisdiction, or if it acted inconsistent with due process."[16]

Despite conceding that this federal district court had subject matter jurisdiction over the habeas corpus proceeding that Petitioner instituted in this Court in 2002,[17] Petitioner

---

[12] R. Doc. 31 at 1.
[13] *See* 28 U.S.C. § 636(b)(1)(C) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[14] *Id.*
[15] FED. R. CIV. P. 60(b)(4).
[16] *Jackson v. Thaler*, 348 F. App'x 29, 32 (5th Cir. 2009).
[17] R. Doc. 28 at 1.

3

argues this Court's judgment is void for lack of subject matter jurisdiction because the procedure used to obtain the indictment in the underlying state court action was later deemed to be unconstitutional.[18] This argument is presumably what Petitioner has dubbed his "unconstitutional statute claim." From what the Court can discern, Petitioner's theory is as follows: (1) the procedure used to obtain the indictment against him in state court was later determined to be unconstitutional; (2) because the procedure used to obtain the indictment was unconstitutional, the indictment itself is void or defective; and (3) because the subject matter jurisdiction of the court does not exist if the charging document, i.e., the indictment, is void, *this federal district court* lacked subject matter jurisdiction over Petitioner's habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254.[19]

Even if parts (1) and (2) of Petitioner's theory were true,[20] the entire theory fails in part (3). Indeed, Petitioner is mistaken that a void indictment in a state court proceeding has any effect on a federal district court's subject matter jurisdiction in a subsequent habeas corpus proceeding. While under Parts (1) and (2) of Petitioner's theory, the *state court* in which the criminal action was tried might have lacked subject matter jurisdiction over the criminal proceeding,[21] that does not, in turn, result in *this federal district court* lacking subject matter jurisdiction over Petitioner's habeas corpus proceeding. Rather, "federal courts regulate the scope of their own jurisdiction,"[22] and pursuant to 28 U.S.C. § 2241(d),

---

[18] R. Docs. 24, 28.

[19] *See* R. Doc. 24 at 3–5.

[20] The Court makes no determination as to the validity of these contentions made by Petitioner. They are stated here solely for purposes of explaining why Petitioner's theory ultimately fails regardless.

[21] *See supra* text accompanying note 19.

[22] *Jackson*, 348 F. App'x at 32 (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003)).

the United States District Court for the Eastern District of Louisiana had jurisdiction to entertain Petitioner's petition for writ of habeas corpus.

In relevant part, 28 U.S.C. § 2241(d) states:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, *the application may be filed* in the district court for the district wherein such person is in custody or *in the district court for the district within which the State court was held which convicted and sentenced him* and each of such district courts *shall have concurrent jurisdiction to entertain the application*.[23]

Petitioner was convicted and sentenced in Terrebonne Parish, Louisiana. Terrebonne Parish lies within the jurisdictional boundaries of the Eastern District of Louisiana.[24] Accordingly, the Magistrate Judge did not err in determining that this Court had subject matter jurisdiction over Petitioner's habeas corpus petition and, thus, that Petitioner failed to show that the Court's judgment was void for lack of subject matter jurisdiction.

As to the Magistrate Judge's determination that Petitioner failed to establish that the Court acted in a manner inconsistent with due process of law, it is entirely unclear to what extent, if any, Petitioner lodges an objection to this determination. Other than the conclusory statement that the Magistrate Judge erred in failing to address [Petitioner's] unconstitutional statute claim . . ., and the court acted in a manner inconsistent with due process of law," Petitioner fails to provide any objection to the Magistrate Judge's conclusion that Petitioner failed to establish that the Court acted in a manner inconsistent with due process of law such that the Court's August 8, 2003 Judgment is void. Petitioner's

---

[23] 28 U.S.C. § 2241(d) (emphasis added).
[24] *See* 28 U.S.C. § 98(a).

"unconstitutional statute claim," while meritless, was clearly an attempt to challenge the Court's subject matter jurisdiction. It is wholly inapplicable to Petitioner's argument that the judgment is void because the Court acted inconsistent with due process, however. Despite Petitioner's failure to provide any specific objection, the Court nevertheless conducted a de novo review of the record, and the Court comes to the same conclusion as the Magistrate Judge—Petitioner has failed to meet his burden to establish that the Court's judgment was void because the Court acted in a manner inconsistent with due process.

## III.  CONCLUSION

For all the foregoing reasons, the Court overrules Petitioner's Objections. The Court finds that the Magistrate Judge's analysis in the Report and Recommendation is correct. Petitioner failed to meet his burden to establish that the judgment is void because the Court lacked subject matter jurisdiction or because the Court acted in a manner inconsistent with due process. The Court adopts the Report and Recommendation as its own. Accordingly,

**IT IS ORDERED** that Petitioner Norman Sanders' Rule 60(b)(4) Motion (R. Doc. 24) is **DENIED**.

New Orleans, Louisiana, this 21st day of February 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

6